UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JUDITH ANN DE PHILLIPS,

               Plaintiff,

    - against -

TOWN OF RIVERHEAD, ET AL,

               Defendants.

----------------------------------------X

**MEMORANDUM AND ORDER**

04-CV-5570 (SJF)

FEUERSTEIN, J.:

On December 21, 2004, plaintiff Judith Ann DePhillips ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983. Presently before this Court is Plaintiff's application for the appointment of counsel. For the reasons set forth below, the application is denied.

**APPLICATION FOR APPOINTMENT OF COUNSEL**

28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." Courts possess broad discretion when determining whether appointment of counsel for civil litigants is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1) the threshold inquiry is whether there is substance to the litigant's position. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (holding that the district judge should first determine whether the

1

indigent's position seems likely to be of substance). "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, 243 F.3d at 632.

If the Court finds that a plaintiff's claim is of substance, it should next consider the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Carmona, 243 F.3d at 632 (holding that only after an initial finding that a claim is likely one of substance should the court consider secondary factors such as the factual and legal complexity of the case; the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute). However, those factors are not restrictive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61. A developed record assists the court in this regard. See Brooks v. State of New York, 92 CV 1508, 1992 WL 320402 * 3 (S.D.N.Y., Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on the failure of the pleadings to satisfy the threshold requirement of a likelihood of merit).

In her complaint, Plaintiff alleges, inter alia, that she was falsely arrested by defendant police officers. The Court has reviewed plaintiff's application and finds that the appointment of counsel is not warranted at this stage of the litigation, since (1) plaintiff does not indicate that her

claims rely on facts that require further investigation; (2) plaintiff has adequately and competently set forth her claims in her complaint; (3) plaintiff appears capable of preparing and presenting her case; and (4) there is no special reason to appoint counsel at this time.

## CONCLUSION

Accordingly, plaintiff's application for appointment of counsel is DENIED subject to renewal.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: July 21, 2005
Central Islip, New York