```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JUDITH ANN DePHILLIPS,
                    Plaintiff(s),           ORDER

     -against-
                                             CV 04-5570 (SJF) (WDW)

TOWN OF RIVERHEAD, TOWN OF RIVERHEAD
POLICE DEPARTMENT, SERGEANT JOHN VAIL,
OFFICER TIMIOTHY McALLISTER, and
OFFICER RAYMOND BROGAN,
                    Defendant(s).
----------------------------------------------------------X
```

**WILLIAM D. WALL, United States Magistrate Judge:**

**WALL, Magistrate Judge:**

By Order dated May 9, 2006, District Judge Feuerstein referred to the undersigned the pro se plaintiff's motion to file an Amended Complaint [Dkt. # 15]. Before any decision can be made on that motion, certain issues previously raised before the undersigned must be resolved. The pro se plaintiff, Judith Ann DePhillips, filed her motion for an amended complaint on or about March 3, 2006. Subsequently, she filed a motion to compel [#19], and the defendants cross moved to compel production of medical authorizations regarding medical/psychiatric treatment that DePhillips received before and after the events that underlie her complaint [#20]. A conference was held before the undersigned on April 20, 2006 to resolve the discovery motions. At the conference, the plaintiff's motion was granted in part and denied in part and the defendants' cross motion was granted. On May 15, 2006, the defendants filed a motion pursuant to Rule 37 to dismiss certain of DePhillips' claims[#25]. The motion to amend, the undersigned's order on the defendants' cross motion, and the defendants' motion pursuant to Rule 37 have now become intertwined.

In the course of discussion at the April 20th conference, the plaintiff took the position that

she was unwilling to sign HIPAA-compliant authorizations for release of her medical and psychiatric information. The undersigned explained to her at length that connection between her medical/psychiatric history and her claims for physical and/or emotional injury and warned her that if she did not sign the authorizations, the claims might be dismissed. The undersigned granted the cross-motion and directed DePhillips to sign authorizations for any medical treatment she received between January 6, 2001 through January 7, 2002, and for any psychiatric treatment she received from January 6, 1998 to the present. In the alternative, DePhillips was given the option of withdrawing her claims for physical injury and emotional distress by submitting an affidavit to that effect, no later than May 11, 2006. She was cautioned that withdrawal of those claims might prevent a jury from awarding monetary damages of any significance. As of the date of this order, she has neither signed the authorizations nor withdrawn the claims.

On April 26, DePhillips wrote to Judge Feuerstein inquiring about the status of her motion to amend [#24]. On April 28, the defendants wrote to Judge Feuerstein, suggesting that, in consideration of the "potential ramifications of plaintiff's claims for injuries," the Court should reserve its decision on the motion to amend. 4/28/06 Andrews Letter [#22]. Indeed, the defendants have not opposed the motion to amend. On May 5, in response to the defendants' letter, DePhillips filed an affidavit stating that although her original Complaint "describes in detail the physical assault that took place at the hands of Defendant, Officer McAllister, which resulted in physical injury, . . . physical and emotional distress claims and damages are not asserted." DePhillips Aff. at 1 [#23]. Her proposed Amended Complaint, she explains, "does make a claim of Intentional Infliction of Emotional Distress and physical injury . . ." *Id.* at 1-2. Asking her to make a decision about the medical authorizations, she argues, puts the cart before the horse, inasmuch as, in her opinion, her original complaint sets forth no claims for physical or emotional

2

injury. *Id.* at 2. In fact, it is DePhillips who is asking the court to put the cart before the horse, in requesting a decision on amended claims that may in fact be futile because of her reluctance to sign authorizations.

Although DePhillips now states that her original complaint does not set forth claims for physical or emotional injury, the court and the defendants, liberally construing the pro se complaint as they are required to do, reasonably construed her original complaint to contain such claims. Significantly, at the April 20th conference, DePhillips did not take the position that she had never raised claims of physical and/or emotional harm in her original complaint. That point was first raised in her affidavit filed on May 5.

The somewhat absurd situation that now exists is that DePhillips is under order by the undersigned to produce authorizations as part of her discovery obligations or, if she prefers, to withdraw the claims that the court reads into her original complaint, or, if she does neither of those things, risk whatever sanctions the court might impose for her failure to comply with the disclosure order, including a recommendation of dismissal of those claims. Indeed, the defendants have now moved for dismissal of those claims pursuant to Rule 37, based on DePhillips' failure to comply with the April 20th order[1]. DePhillips now belatedly states that there are no such claims, but she wants to assert them in her amended complaint. She has stated in court before the undersigned, however, that she is opposed to producing the authorizations that the assertion of such claims would require. Thus, the court is in the position of potentially approving

---

[1] In her Affidavit DePhillips requested a stay of the May 11 deadline. The affidavit was an improper context in which to make that request. It should have been made to the undersigned in a motion. Nonetheless, the court does note that the request was made. The pro se plaintiff should be aware, however, that requesting certain relief is not a guarantee that such relief will be granted, and that the May 11 deadline passed without the grant of the stay or DePhillips' compliance with the order.

claims that it has strong reason to believe will be futile, given DePhillips' stated position on the authorizations.

Ms. DePhillips must make up her mind about the authorizations, and the court cannot sensibly decide the motion to amend until she does so. It is disingenuous of her to ask the court to decide her motion to amend before she complies with the undersigned's order of April 20th in regard to the authorizations, when she has told the court that she is disinclined to do so. The court cannot pretend that it is ignorant of her feelings on the authorization issue, and DePhillips could not in good faith file an amended complaint containing claims of physical and/or emotional harm if she has no intention of ever producing the authorizations, in light of the court's lengthy explanation to her about the connection between the two issues. Thus, she must decide whether: (1) to obey the court's order to produce them and move forward on her existing motion to amend, or (2) to withdraw the claims that the court reads into her original complaint and redraft her proposed amended complaint to delete such claims.

The undersigned will hold a conference on **May 25, 2006 at 10:00 a.m.** to resolve these issues. If either party is unavailable on that date, they must consult with one another and agree on an alternative date. The undersigned is available on May 30 or 31 and on June 1 or 2.

Dated: Central Islip, New York  **SO ORDERED:**
       May 16, 2006

  /s/ William D. Wall
 WILLIAM D. WALL
 United States Magistrate Judge

4